UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JESUS CONTRERAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:23-CV-221-SNLJ |
| ) | |
| MC 1 TRANSPORT, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff Jesus Contreras brought this negligence action against defendants seeking damages related to an automobile accident.  While employed by defendant MC 1 Transport, LLC, defendant Jose H. Galvan-Garcia was driving a tractor-trailer involved in the accident, and they have each filed two motions to strike related to plaintiff's complaint [Docs. 6, 7, 12, 13].  Plaintiff has responded in opposition to the motions, but defendants have not filed reply memoranda, and the time for doing so has passed.

Rule 12(f) provides that the Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Because the rule is stated in the permissive, however, it has always been understood that the district court enjoys 'liberal discretion' thereunder. *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). "Despite this broad discretion however, striking a party's pleadings is an extreme measure, and, as a result, ….[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted." *Id.*

Defendants' first motions seek to strike Subparagraphs 51(a)-(c), (e), (g), (j), (m), (n), and (p) (all ways in which defendant Garcia is alleged to have breached duties of care owed to plaintiff), and Paragraphs 82-84, 94, 95, 103, 110, and 126.  Defendants' second motions seek to strike punitive damages and prejudgment interest.

As for defendants' motion to strike individual paragraphs and subparagraphs, defendants argue the offending paragraphs variably fail to state a cause of action, are redundant, or fail to offer enough details or specificity.  First, to the extent defendants contend that plaintiff fails to state a claim, plaintiff should have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Defendants do not explain how they are prejudiced by the matters of redundancy or alleged lack of detail.  Defendants also do not explain at all how they are unable to fairly respond to the complained-of allegations.  Defendants' desire for additional information may easily be addressed through discovery, and a motion to strike is not the appropriate means through which to seek such information.

Next, defendants suggest that plaintiff's complaint runs afoul of § 510.261(5) RSMo, which states "no initial pleading in a civil action shall contain a claim for a punitive damages award."  That same section requires that "any later pleading containing a claim for punitive damages award may only be filed with leave of Court."  *Id.*  As this Court has already held, however, that Missouri statute conflicts with—and is displaced by—Federal Rule of Civil Procedure 8, which permits plaintiff to seek punitive damages in his initial pleading here.  *Munroe v. Gilster-Mary Lee Corp.*, No. 1:22-CV-171-SNLJ,

2023 WL 2301738, at *3-4 (E.D. Mo. Mar. 1, 2023).  Thus plaintiff need not comply with the Missouri statute with respect to pleading punitive damages.

Finally, defendants argue that plaintiff seeks prejudgment interest despite failing to plead any fact, statute, contract, or other matter which would entitle plaintiff to such. Plaintiff does not oppose the motions in that respect, so the motions to strike will be granted on that point only.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to strike individual paragraphs of the complaint [Docs. 6, 12] are DENIED.

**IT IS FURTHER ORDERED** that defendants' motions to strike the punitive damages claim and prejudgment interest request [Doc. 7, 13] are DENIED with respect to punitive damages and GRANTED as to the prejudgment interest request.

Dated this  14th  day of March, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

3